UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LAURIE YEAGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-155 |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Laurie Yeager brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On March 1, 2007, this Court entered an Order that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 21.)  Yeager filed a motion and a supplemental motion to recover attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 23, 33.)  The Commissioner, however, opposes Yeager's fee request, arguing that its litigation position was "substantially justified." (Docket # 26.) For the reasons set forth herein, Yeager's motion will be DENIED.

**I.  LEGAL STANDARD**

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security; therefore, Michael J. Astrue is automatically substituted for Jo Anne B. Barnhart as the Defendant in this case. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II. DISCUSSION

In its Order of March 1, 2007, this Court reversed and remanded the Commissioner's decision, concluding that "the ALJ's failure to provide specific reasons for disregarding the

2

[opinion] of Dr. Lazzaro and his failure to adequately articulate the basis for his credibility determination prevents meaningful review." (Op. and Order 18.) The Commissioner argues that it was substantially justified in defending the ALJ's decision primarily because "the requirement that the ALJ articulate his consideration of the evidence is deliberately flexible . . . ." (Def.'s Resp. Br. to Pl.'s Mot. for Attorney Fees Pursuant to the Equal Access to Justice Act ("Resp. Br.") 5.) Ultimately, this argument is successful concerning both the ALJ's decision to discount the opinion of Dr. Lazzaro and his decision to discredit Yeager. Accordingly, the Court first turns to the Commissioner's argument as it pertains to Dr. Lazzaro's opinion.

During a five-page review of the medical evidence of record, the ALJ discounted the opinion of Dr. Lazzaro because she saw Yeager only three times before rendering an opinion regarding Yeager's ability to perform work-related activities and because her opinion was inconsistent with the other medical evidence. (Tr. 18.) The Court concluded that the ALJ committed legal error when making this determination, specifically finding that "the ALJ's generalized comment that Dr. Lazzaro's opinion was 'inconsistent with the other medical evidence' with no elaboration or detail[] fails to create an accurate and logical bridge between the evidence and the result." (Op. and Order 12.) The Court further determined that although the ALJ properly considered the frequency with which Yeager had seen Dr. Lazzaro, "the ALJ then abruptly ended his analysis without analyzing the opinion with respect to any of the other relevant factors [delineated in 20 C.F.R. § 404.1527(d)] and without assigning the opinion an appropriate weight." (Op. and Order 13-14.)

For the purpose of substantial justification review, the Commissioner and Yeager submit opposing characterizations of the Court's Order. The Commissioner maintains: "The Court

3

concluded . . . that the ALJ had *insufficiently articulated* the evidentiary basis for the[] reasons [for discounting Dr. Lazzaro's opinion]." (Resp. Br. 5 (emphasis added).) According to the Commissioner, it had substantial justification for defending the ALJ's faulty determination because "the requirement that this ALJ articulate his consideration of the evidence is deliberately flexible . . . ." (Resp. Br. 5.) Yeager, however, emphasizes that the Court found that the ALJ committed *legal error* by failing to satisfy the procedural requirements of 20 C.F.R. § 404.1527(d)(2). Thus, according to Yeager, because the ALJ committed legal error, the Commissioner's position cannot be substantially justified.[2]

Indeed, the Seventh Circuit Court of Appeals has stated that the Commissioner's position is not substantially justified where it "violate[s] clear and long judicial precedent and violate[s] the Commissioner's own Ruling and Regulations." *Golembiewski*, 382 F.3d at 724; *see also Henderson v. Barnhart*, 257 F. Supp. 2d 1163, 1168 (E.D. Wis. 2002) ("Where an ALJ does not comply with the clear requirements of an SSR . . . and the Commissioner opposes reversal and remand, the Commissioner's position is not substantially justified." (citation omitted)). However,

---

[2] Yeager also contends that the Commissioner's position is not substantially justified because when the Commissioner defended the ALJ's decision, it advanced *post hoc* arguments, namely that Dr. Lazzaro's opinion can be discounted since it was rendered after Yeager's date last insured. Indeed, the Court found in its March 1, 2007, Order that the Commissioner's argument was impermissible *post hoc* argument; therefore, this argument cannot provide the basis for substantial justification. *See Golembiewski*, 382 F.3d at 725 ("[T]he Commissioner's argument had no reasonable basis in law because her argument was based upon facts not relied upon by the ALJ."); *Bady v. Sullivan*, No. 87 C 962, 1992 WL 107293, at *2 (N.D. Ill. May 14, 1992) (The government "is not entitled to avoid fees under EAJA by offering *post-hoc* rationalizations.").

Yeager also maintains that this single *post hoc* argument "taints" the rest of the Commissioner's arguments presented in opposition to EAJA fees. (Pl.'s Reply to Def.'s Resp. Br. to Pl.'s Mot. for Attorney Fees Pursuant to the Equal Access to Justice Act ("Reply Br.") 2.) Contrary to Yeager's argument, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments but rather focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified). Judging the totality of the circumstances, the Commissioner's single losing argument does not outweigh the Commissioner's other grounds for substantial justification.

the Seventh Circuit has also emphasized that if an ALJ simply fails to explain his reasoning as carefully and thoroughly as necessary, then the Commissioner is substantially justified in defending the ALJ's actions. *Cunningham*, 440 F.3d at 865 (upholding a denial of attorney fees by distinguishing the ALJ's "fail[ure] to connect all the dots in his analysis" from the ALJ's failure in *Golembiewski* to engage in any credibility determination); *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992) (explaining that because "the level of articulation required is far from precise," the ALJ's failure to meet the minimal articulation requirement "in no way necessitates a finding the [Commissioner's] position was not substantially justified.").

Here, the ALJ provided a lengthy account of the medical evidence before summarizing Dr. Lazzaro's opinion and listing two reasons for discounting it. Although the ALJ insufficiently explained what specific medical evidence contradicted Dr. Lazzaro's opinion and only discussed one of the factors delineated in 20 C.F.R. § 404.1527(d),[3] it is pivotal that the ALJ did indeed engage in some analysis of Dr. Lazzaro's opinion, even if the ALJ was not as thorough as he should have been. *See Cunningham*, 440 F.3d at 865. The Court, therefore, perceives the instant case to be more analogous to *Cunningham* than to *Golembiewski*.[4] *See Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006) ("In general, then,

---

[3] The Court notes that the Seventh Circuit Court of Appeals has not mandated that an ALJ provide a written analysis of all of the factors delineated in 20 C.F.R. § 404.1527(d). *See Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006) ("The rule [20 C.F.R. § 404.1527(d)] goes on to list various factors that the administrative law judge *should* consider, such as how often the treating physician has examined the claimant, whether the physician is a specialist in the condition claimed to be disabling, and so forth." (emphasis added)).

[4] In *Golembiewski*, the body of the ALJ's decision contained *no* discussion regarding the claimant's credibility, and the ALJ mischaracterized the medical evidence, ignoring three distinct lines of evidence supporting Golembiewski's claim. *Golembiewski*, 382 F.3d at 724-25; *see also Cunningham*, 440 F.3d at 864-65.  In contrast, in *Cunningham* the ALJ did "generally mention" the objective medical evidence, which supported the ALJ's conclusion, but failed to "adequately explain the connection" between the medical evidence and his credibility determination. *Cunningham*, 440 F.3d at 864-65 ("We have no trouble concluding the Commissioner's position was substantially justified, even though the ALJ was not as thorough in his analysis as he could have been.").

5

if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees."). Accordingly, the Commissioner's position with respect to Dr. Lazzaro's opinion was substantially justified.

Regarding the ALJ's credibility determination, the ALJ penned four paragraphs specifically discussing the relevant medical evidence of record before concluding that Yeager's "description of her limitations exceeds medical substantiation, is not consistent with other evidence and is not credible." (Tr. 20.) The Court found that the ALJ's credibility determination was "deficient" because it "lacked the detail necessary to enable the Court to trace the ALJ's path of reasoning." (Op. and Order 15.) Specifically, the Court determined that the ALJ offered "no explanation when he discredited Yeager on the basis that her subjective complaints 'exceeds medical substantiation [and] is not consistent with other evidence,'" and also determined that the ALJ failed to discuss the factors delineated in SSR 96-7p. (Op. and Order 15-16.)

The Commissioner again characterizes the ALJ's flawed credibility determination as an articulation deficiency, while Yeager contends that the Commissioner's position cannot be substantially justified because the ALJ committed legal error by violating SSR 96-7p. In that regard, the Commissioner's argument with respect to the ALJ's credibility determination is even more closely analogous to *Cunningham* than its argument with respect to Dr. Lazzaro's opinion.

To explain, it is crucial that the ALJ "*did* engage in a discussion regarding [Yeager's] credibility." *Compare Cunningham*, 440 F.3d at 865, *with Golembiewski*, 382 F.3d at 724 (finding the Commissioner's position not substantially justified because the "the ALJ's decision

contained no discussion of credibility"). Like *Cunningham*, the ALJ's credibility determination was flawed only because the ALJ "failed to connect all the dots in his analysis." *Cunningham*, 440 F.3d at 865. Specifically, the ALJ did not "adequately explain the connection" between the medical evidence that he summarized and his ultimate conclusion that Cunningham's description of her limitations exceeded medical substantiation. *Id.* at 865 ("Even though the ALJ does not cite specifically to th[e] objective evidence [when rendering his credibility determination], the evidence is included in the record, and the ALJ makes a general reference to it."). Moreover, the ALJ failed to "connect" his credibility determination to the factors delineated in SSR 96-7p. *See id.* at 864 (rejecting claimant's argument that because the ALJ "failed to discuss the factors required by regulation in assessing credibility," the Commissioner's position was not substantially justified (citing SSR 96-7p)). Given the similarities to *Cunningham*, the Court is compelled to find that the Commissioner's position was substantially justified, "even though the ALJ was not as thorough in his [credibility] analysis as he could have been." *Id.* at 865.

Because the Commissioner's position was substantially justified with respect to both the ALJ's discounting of Dr. Lazzaro's opinion and the ALJ's credibility determination, the Court's "global assessment" of substantial justification is relatively straightforward. *Hallmark Constr.*, 200 F.3d at 1081. Accordingly, the totality of the circumstances leads the Court to conclude that the Commissioner's position was substantially justified.

### III. CONCLUSION

Based on the foregoing reasons, the Court finds that the Commissioner's position is substantially justified. Therefore, Yeager's motion and supplemental motion for attorney's fees

7

(Docket ## 23, 33) is DENIED.

    SO ORDERED.

    Enter for August 10, 2007.

                                              S/ Roger B. Cosbey
                                              Roger B. Cosbey,
                                              United States Magistrate Judge